UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONIQUE DINGLE                                                :
725 Longfellow Street, NW                                     :
Washington D.C. 20011                                         :
                                                              :
      Plaintiff,                  :
                                                              :
v.                                                            :  Civil Action No.
                                                              :
DISTRICT OF COLUMBIA                                          :
                                                              :
SERVE:  Mayor Anthony Williams                            :
          One Judiciary Square                     :
          1350 Pennsylvania Ave., N.W.              :
          Washington, D.C. 20004                    :
                                                              :
    and                                          :
                                                              :
SEAN MOORE, Individually and in his                           :
Official Capacity as an Employee of the                       :
District of Columbia Metropolitan Police Department           :
300 Indiana Avenue, NW                                        :
Washington, DC 20001                                          :
                                                              :
    and                                          :
                                                              :
UNKNOWN NAMED EMPLOYEES OF THE                                :
DISTRICT OF COLUMBIA METROPOLITAN                             :
POLICE DEPARTMENT, Individually and in their                  :
Official Capacity as Employees of the District of             :
Columbia Metropolitan Police Department                       :
                                                              :
      Defendants.                                :

COMPLAINT FOR DAMAGES
(Violation of Constitutional Rights: 42 U.S.C. §1983 Claim: False
Arrest; Common Law Claims: Assault and Battery – False Arrest – Gross
Negligence – Punitive Damages)

## JURISDICTION AND VENUE

1.  This is an action brought pursuant to 42 U.S.C. § 1983 seeking damages against the Defendants for committing acts under color of law which deprived the Plaintiff of rights, privileges and immunities secured by the Constitution of the United States. Plaintiff has also filed this action seeking damages against Defendants for traditional common law claims of assault and batter, false arrest, gross negligence and punitive damages.

2.  The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1343, this being an action authorized by law to redress the deprivation under color of Federal law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to the Plaintiff by the Constitution of the United States.

3.  This Court has supplemental jurisdiction over Plaintiff's non-federal law claims pursuant to 28 U.S.C. § 1367(a).

4.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as the cause of action arose in the District of Columbia.

5.  On August 19, 2005 and October 24, 2005, Defendant District of Columbia was given notice of Plaintiff's claims pursuant to D.C. Code § 12-309.

## PARTIES

6.  At all relevant times herein, Plaintiff Monique Dingle was an adult citizen and resident of the District of Columbia.

7.  Upon information and belief, and at all relevant times herein, Defendant Sean Moore was an adult citizen and resident of the District of Columbia. Upon further

information and belief, and at all relevant times herein, Defendant Sean Moore was acting as an employee, servant and/or agent of the Washington DC Metropolitan Police Department.

8. Defendant District of Columbia is subject to suit for the negligent, wanton, willful or wrongful acts or omissions of employees and/or agents of the District of Columbia Metropolitan Police Department. In addition, Defendant District of Columbia is the employer of persons who have committed acts and omissions against the Plaintiff within the course and scope of their employment. Therefore, Defendant District of Columbia is liable pursuant to respondeat superior.

9. Upon information and belief, and at all times relevant herein, Unknown Named Employees of the District of Columbia and/or the District of Columbia Metropolitan Police Department committed acts in violation of Plaintiff's civil rights guaranteed to Plaintiff by the Constitution of the United States of America.

## FACTS

10. On or about May 8, 2005, at approximately 1:45 a.m., Plaintiff Monique Dingle and six female friends were conversing at or near the 600 block Morton Street, N.W., Washington, D.C. At this time, two plain-clothes District of Columbia, including Defendant Police Officer Sean Moore, approached Plaintiff.

11. Soon thereafter, Defendant Police Officer Sean Moore stated that he had received a noise complaint and told Plaintiff Monique Dingle and her friends that they would have to find somewhere else to go or they would be put in a juvenile detention center.

12. While Defendant Police Officer Moore was talking, Plaintiff Monique Dingle's cell phone rang and she answered it. Defendant Police Officer Moore then struck Plaintiff Monique Dingle on her shoulders and said, "Don't fuck with me. I told you to get the fuck off the block."

13. Immediately thereafter, Defendant Police Officer Moore grabbed Plaintiff Monique Dingle's left arm, twisted it behind her back and grabbed her by the neck. Defendant Police Officer Moore then forced Plaintiff's body onto the police car.

14. Defendant Police Officer Moore then grabbed Plaintiff Dingle's hair, slammed her face against the police car and laced handcuffs on her right arm. Defendant Police Officer Moore then told Plaintiff that she was under arrest. Defendant Police Officer Moore then placed Ms. Dingle in a police car.

15. Soon thereafter, Defendant Police Officer Moore advised Plaintiff Dingle that he was giving her a $25.00 citation and that she had to pay it within a certain number of days or there would be a warrant out for her arrest. Ms. Dingle then gathered her belongings and noticed that her $800 dental retainer was missing.

16. During the entire incident, Plaintiff Dingle was never read her rights, was never told why she was being searched, nor was she told what she was being arrested for. She was not offered a female police officer to search her, and none of the Defendant Unknown Named Police Officers made sure that all of her belongings were returned to her.

17. Moreover, during the entire incident, Plaintiff did not commit a criminal offense, Defendant Police Officer Moore lacked probable cause to arrest Plaintiff Dingle

and/or lacked a good-faith reasonable belief that he had a reason and/or justification to arrest Plaintiff.

18. On or about May 17, 2005, Plaintiff Dingle, filed a complaint with the DC MPD in connection with the May 8, 2005 incident.

19. On or about May 23, 2005, Plaintiff Dingle and her mother went to the DC Metropolitan Police Department's Third District Police Station to request a trial in connection with Plaintiff's May 8, 2005 citation. The citation stated that the fine is not required to be paid in order to request a trial. An Unknown Named Defendant Police Officer advised Plaintiff Dingle that her only options were to pay the fine or be immediately arrested. The Unknown Named Defendant Police Officer then asked Plaintiff Dingle for her driver's license and the citation.

20. Soon thereafter, the Unknown Named Defendant Police Officer took out his handcuffs and placed Plaintiff Dingle under arrest. Plaintiff Dingle's mother asked the Unknown Named Defendant Police Officer several times why Plaintiff Dingle was being arrested, and requested that they wait until the family's attorney arrived. Then, the Unknown Named Defendant Police Officer advised Plaintiff Dingle's mother that Plaintiff Dingle either had to pay the fine or be arrested. The Unknown Named Defendant Police Officer then stated that he was not going to arrest Plaintiff Dingle but merely "livescan" her.

21. At this point, the Unknown Named Defendant Police Officer explained that "livescanning" is fingerprinting and forced Plaintiff Dingle to be fingerprinted. Plaintiff Dingle was then fingerprinted and advised that she must sign the citation that states that she has been arrested and charged with a criminal offense.

22.    Soon thereafter, the aforementioned family attorney arrived to the Third District Station and questioned the Unknown Named Defendant Police Officer why Plaintiff Dingle had been arrested. None of the Unknown Named Defendant Police Officers were willing to explain why Plaintiff Dingle had been arrested. Plaintiff was advised that she must appear in court on June 14, 2005 or that a warrant would be issued for her arrest. Plaintiff Dingle appeared at court on June 14, 2005. The criminal matter was dismissed.

23.    As a direct and proximate result of the May 8th and May 23rd incidents, Plaintiff Dingle suffered numerous damages both physical and mental, including but not excluding, fright, shame, mortification, indignity, disgrace, emotional distress and mental anguish, financial damages, and the significant loss of liberty.

## COUNT I
(Violation of U.S. Constitutional Rights: 42 U.S.C. 1983:
False Arrest: May 8, 2005 and May 23, 2005)

24.    Paragraphs 1-23 are incorporated by reference as fully set forth herein.

25.    The Defendants in this Count include the named Defendants, including but not excluding Defendant District of Columbia, Defendant Sean Moore and Unknown Named Defendant Employees and/or Police Officers of the District of Columbia's Metropolitan Police Department.

26.    The aforementioned Defendants, under color of statute, regulation, custom, or usage of the District of Columbia, caused Plaintiff to be subjected to a deprivation of her civil right to be free from false arrest. The Plaintiff was deprived of the civil right to be free from false arrest on May 8, 2005 and on May 23, 2005.

27. Defendants acted without authorization of law and violated the rules, regulations, and customs of Defendant District of Columbia regarding how police officers should handle performance of their police duties; or, alternatively, Defendants engaged in illegal behavior by helping establish or carry out regulations, customs, ordinances, rules, practices and/or policies, whether written down or established by persistent and widespread custom, that manifested a deliberate indifference to and reckless disregard of the rights of Plaintiff Monique Dingle and other citizens, or by following a deliberately indifferent or reckless ordinance, rule, policy, practice and/or regulation with respect to the foregoing.

28. The behavior of Defendants was reckless, negligent, grossly negligent, wanton and consciously indifferent to the rights of Plaintiff Monique Dingle, and would be negligent, grossly negligent, reckless, wanton and consciously indifferent to the rights of any citizen.

29. Defendants acted intentionally and/or with deliberate indifference to and reckless disregard of, Plaintiff Monique Dingle's civil rights.

30. Defendants had actual or constructive knowledge of a risk of constitutional and/or serious injury and yet maintained a deliberate indifference to that risk.

31. The rights set forth in the preceding paragraphs are secured to Plaintiff by the provision of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983 and the laws of the United States.

32. Having caused the aforementioned deprivation of civil rights, the Defendants, are liable to Plaintiff in this action at law, pursuant to 42 U.S.C. § 1983.

33. Defendant District of Columbia is the employer of persons who have committed acts and omissions against the Plaintiff within the course and scope of their employment. Therefore, Defendant District of Columbia is liable pursuant to <u>respondeat superior</u>.

34. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

WHEREFORE, the Plaintiff, Monique Dingle demands judgment against all Defendants, jointly and severally, in the form of compensatory damages in the full and just amount of Three Hundred Thousand Dollars ($300,000.00), plus interest and costs.

### COUNT II
### (Assault & Battery)

35. Plaintiff Monique Dingle hereby incorporates, by reference, the allegations made in paragraphs 1 through 34, as though fully set forth herein.

36. The Defendants in this Count include the named Defendants, including but not excluding Defendant District of Columbia, Defendant Sean Moore and Unknown Named Defendant Employees and/or Police Officers of the District of Columbia's Metropolitan Police Department.

37. At all times relevant to this Complaint, Defendants District of Columbia, Sean Moore and Unknown Named Defendant Police Officers owed a duty to the Plaintiff to refrain from unconsented physical contact with the Plaintiff.

38. At all times relevant to this Complaint, Defendants District of Columbia, Sean Moore and Maurice Scott owed a duty to the Plaintiff to comport themselves consistent with the norms of a civilized society.

39. Plaintiff further alleges that named Defendants breached the duties owed to Plaintiff Dingle by assaulting, striking, and causing unconsented physical contact to Plaintiff on May 8, 2005 and May 23, 2005.

40. Defendant District of Columbia is the employer of persons who have committed acts and omissions against the Plaintiff within the course and scope of their employment. Therefore, Defendant District of Columbia is liable pursuant to _respondeat superior_.

41. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

WHEREFORE, the Plaintiff, Monique Dingle demands judgment against all Defendants, jointly and severally, in the form of compensatory damages in the full and just amount of Two Hundred Thousand Dollars ($200,000.00), plus interest and costs.

## COUNT III
### (Gross Negligence)

42. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 41 as though fully set forth herein.

43. The Defendants in this Count include the named Defendants, including but not excluding Defendant District of Columbia, Defendant Sean Moore and Unknown Named Defendant Employees and/or Police Officers of the District of Columbia's Metropolitan Police Department.

44. Plaintiff further alleges that the conduct of Defendant District of Columbia, Defendant Sean Moore and Defendants Unknown Named Police Officers were grossly negligent as this conduct was undertaken with reckless disregard for the health, safety and civil rights of the Plaintiff.

45. Plaintiff further alleges that Defendants District of Columbia, Sean Moore and Unknown Named Police Officers, or in the exercise of reasonable care should have known, that the physical assaults and unconsented touching of the Plaintiff constituted a serious danger to the physical and mental well being of the Plaintiff.

46. Defendant District of Columbia is the employer of persons who have committed acts and omissions against the Plaintiff within the course and scope of their employment. Therefore, Defendant District of Columbia is liable pursuant to <u>respondeat superior</u>.

47.    As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

WHEREFORE, the Plaintiff, Monique Dingle demands judgment against all Defendants, jointly and severally, in the form of punitive damages in the full and just amount of Two Hundred Thousand Dollars ($200,000.00), plus interest and costs.

### COUNT IV
**(Common Law Claims: False Arrest: May 8, 2005 and May 23, 2005)**

48.    The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 47, as though fully set forth herein.

49    The Defendants in this Count include the named Defendants, including but not excluding Defendant District of Columbia, Defendant Sean Moore and Unknown Named Defendant Employees and/or Police Officers of the DC MPD.

50.    The aforementioned Defendants caused Plaintiff to be detained and/or restrained from exercising her full liberty against her will. The Plaintiff was deprived of said rights on May 8, 2005 and on May 23, 2005.

51.    The Defendants intended to detain and/or arrest Plaintiff and Plaintiff reasonably believed that she was detained on May 8, 2005 and on May 23, 2005. Both of these two unlawful arrests occurred by physical force and/or the threat of physical force.

52.    The Defendants intentionally and unlawfully arrested the Plaintiff on May 8, 2005 and on May 23, 2005. The Defendants unlawfully arrested the Plaintiff on each occasion without a warrant and/or any other legal justification.

53. Defendant District of Columbia is the employer of persons who have committed acts and omissions against the Plaintiff within the course and scope of their employment. Therefore, Defendant District of Columbia is liable pursuant to <u>respondeat superior</u>.

54. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff suffered a loss of liberty, shame, humiliation, mental pain and anguish, emotional suffering, and all other damages recoverable pursuant to law.

WHEREFORE, the Plaintiff, Monique Dingle demands judgment against all Defendants, jointly and severally, in the form of compensatory damages in the full and just amount of Two Hundred Thousand Dollars ($200,000.00), plus interest and costs.

## COUNT V
### (Punitive Damages)

55. The Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 54, as though fully set forth herein, and states further that the Defendants acted with an evil motive, actual malice, deliberate violence or oppression, and with the intent to injure Plaintiff.

56. Plaintiff further alleges that the conduct of the Defendants was willful, wanton, reckless and in abject disregard of and with conscious indifference to the Plaintiff's rights and safety.

WHEREFORE, the Plaintiff, Monique Dingle demands judgment in the form of exemplary damages against the Defendant in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

## JURY DEMAND

Plaintiff, by and through undersigned counsel, request a trial by jury on all the above claims.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC

By: _____
Patrick M. Regan         #336107
Paul Cornoni             #489398
1919 M Street, N.W., Suite 350
Washington, DC 20036
PH: (202) 463-3030

Counsel for Plaintiff