UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MONIQUE DINGLE        :
                     :
    Plaintiff,      :
                     :
    v.              :   Civil Action No. 06-00331 (RCL)
                     :
                     :
DISTRICT OF COLUMBIA, *et.al.*   :
                     :
    Defendant.      :

ANSWER OF THE DISTRICT OF COLUMBIA

Defendants District of Columbia and Officer Sean Moore, by and through undersigned counsel, answers to Plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff failed to fully comply with the mandatory notice requirements of D.C. Sec. 12-309 (1981).

JURISDICTION AND VENUE

1.  Paragraph one (1) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

2.  Paragraph two (2) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

3.  Paragraph three (3) of Plaintiff's complaint is a legal conclusion to which no response is required.

4.  Paragraph four (4) of Plaintiff's complaint is a legal conclusion to which no response is required.

5.  Paragraph five (5) of Plaintiff's complaint is a legal conclusion to which no response is required. Nevertheless, the District of Columbia (the "District") received, on August 22, 2005 and October 27, 2005, letters purporting to meet the requirements of D.C. Code Sec. 12-309.

## PARTIES

6.  The Defendants have insufficient information to admit or deny the allegations contained in paragraph six (6) of Plaintiff's complaint.

7.  The Defendants admit that Defendant Moore is over the age of eighteen (18), but neither admit nor deny his place of residence. The remainder of paragraph seven (7) of Plaintiff's complaint is a legal conclusion to which no response is required.

8.  Paragraph eight (8) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

9.  Paragraph nine (9) of Plaintiff's complaint is a legal conclusion to which no response is required.

## FACTS

10. The Defendants admit that Defendant Moore and a second District of Columbia Metropolitan Police Department ("MPD") officer approached a crowd of people in the early morning of May 8, 2005, in the 600 block of Morton Street, N.W., Washington, D.C. The Defendants admit that one of those people was the Plaintiff.

11. The Defendants admit the allegations contained in paragraph eleven (11) of Plaintiff's complaint except that Defendants deny that Defendant Moore told the crowd they would be put in a juvenile detention center.

12. The Defendants admit that the Plaintiff was on a cell phone, but deny the remaining allegations contained in paragraph twelve (12) of Plaintiff's complaint.

13. The Defendants deny the allegations contained in paragraph thirteen (13) of Plaintiff's complaint.

14. The Defendants deny the allegations contained in paragraph fourteen (14) of Plaintiff's complaint except that Defendants admit Defendant Moore arrested Plaintiff for disorderly conduct after she became loud and boisterous and incited the crowd. Defendants admit that Plaintiff was placed in a police car then released at the scene to appear for a later proceeding.

15. The Defendants admit the allegations contained in paragraph fifteen (15) of Plaintiff's complaint except that the Defendants do not have sufficient information to admit or deny that Plaintiff noticed an alleged $800.00 retainer was missing.

16. The Defendants admit that Defendant Moore did not advise Plaintiff of her rights under <u>Miranda</u>, or offer a female police officer to conduct a back-handed, weapons pat down of the Plaintiff. The Defendants deny the remaining allegations contained in paragraph sixteen (16) of Plaintiff's complaint.

17. Paragraph seventeen (17) of Plaintiff's complaint contains a statement of Plaintiff's claim and legal conclusions to which no response is required.

18. The Defendants admit that the Plaintiff filed a complaint with MPD about her arrest, but are without information as to the exact date of the complaint at this time.

19. The Defendants admit that, on or about May 23, 2005, Plaintiff and her mother went to the MPD Third District police station. Defendants further admit that a police officer advised Plaintiff Dingle that her options were to pay the required collateral or be arrested if she wanted a trial date. Defendants further admit that a police officer requested Plaintiff Dingle's drivers license and the citation. The Defendants deny the remaining allegations contained in paragraph nineteen (19) of Plaintiff's complaint.

20. Whether the Plaintiff was arrested is a legal conclusion to which no response is required. The Defendants admit, however, that the Plaintiff was explained that she had the option of paying a fine or getting a trial date and that she would have to be arrested and/or processed in order to get a trial date.

21. The Defendants admit that the Plaintiff was fingerprinted and that she signed a citation form stating that she had been arrested and charged with a criminal offense. The Defendants do not have sufficient information to admit or deny the remaining allegations contained in paragraph twenty-one (21) of the complaint.

22. The Defendants admit that an attorney for Plaintiff arrived at the MPD Third District police station and questioned police officers about why Plaintiff Dingle had been arrested. Defendants admit that Plaintiff was advised that if she wished a trial date she must appear in court on June 14, 2005, or that a warrant would be issued for her arrest. Defendants do not have sufficient information to admit or deny the remaining allegations contained in paragraph twenty-two (22) of Plaintiff's complaint.

23. Paragraph twenty-three (23) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

## CAUSES OF ACTION

### COUNT I
(Violation of U.S. Constitutional Rights; 42 U.S.C. 1983;
False Arrest; May 8, 2005 and May 23, 2005)

24. The Defendants incorporate by reference paragraphs one (1) through twenty-three (23) of Defendants' answer.

25. Paragraph twenty-five (25) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

26. Paragraph twenty-six (26) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

27. Paragraph twenty-seven (27) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

28. Paragraph twenty-eight (28) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

29. Paragraph twenty-nine (29) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

30. Paragraph thirty (30) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.

31. Paragraph thirty-one (31) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

32. Paragraph thirty-two (32) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

33. Paragraph thirty-three (33) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

34. Paragraph thirty-four (34) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

## COUNT II
(Assault & Battery)

35. The Defendants incorporate by reference paragraphs one (1) through thirty-four (34) of Defendants' answer.

36. Paragraph thirty-six (36) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

37. Paragraph thirty-seven (37) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

38. Paragraph thirty-eight (38) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

39. Paragraph thirty-nine (39) of Plaintiff's complaint is a legal conclusion and a statement of Plaintiff's claim to which no response is required.

40. Paragraph forty (40) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

41. Paragraph forty-one (41) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

## COUNT III
(Gross Negligence)

42. The Defendants incorporate by reference paragraphs one (1) through forty-one (41) of Defendants' answer.

43. Paragraph forty-three (43) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

44. Paragraph forty-four (44) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

45. Paragraph forty-five (45) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

46. Paragraph forty-six (46) of Plaintiff's complaint contains a statement of Plaintiff's claim and a legal conclusion to which no response is required.

47. Paragraph forty-seven (47) of Plaintiff's contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

## COUNT IV
(Common Law Claims: False Arrest: May 8, 2005 and May 23, 2005)

48. The Defendants incorporate by reference paragraphs one (1) through forty-seven (47) of Defendants' answer.

49. Paragraph forty-nine (49) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

50. Paragraph fifty (50) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

51. Paragraph fifty-one (51) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

52. Paragraph fifty-two (52) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

53. Paragraph fifty-three (53) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

54. Paragraph fifty-four (54) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

## COUNT V
### (Punitive Damages)

55. The Defendants incorporate by reference paragraphs one (1) through fifty-four (54) of Plaintiff's complaint.

56. Paragraph fifty-six (56) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

### Third Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the Defendants, or District of Columbia employees, agents, and/or servants acting within the scope of their employment.

### Sixth Defense

If Plaintiff was injured or incurred damages as alleged in the complaint, such injuries or damages resulted from acquiescence or consent.

### Seventh Defense

All actions performed by Defendants, or District of Columbia employees, servants, and/or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### Eighth Defense

Defendants, and District of Columbia agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward Plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

### Ninth Defense

Defendants, and District of Columbia agents, servants, and/or employees acting within the course and scope of their employment, acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

### Tenth Defense

Defendant is not liable for the unforeseeable, intervening criminal acts of third parties.

### Eleventh Defense

Plaintiff has failed to mitigate her damages.

### Twelfth Defense

This action may be barred by the doctrine of laches.

### Thirteenth Defense

This action may be barred by the doctrine of unclean hands.

<u>Fourteenth Defense</u>

The Defendants, and/or District of Columbia agents, servants, and employees acting within the scope of their employment, may be immune from liability under the doctrines of sovereign immunity, governmental immunity, privilege and/or official immunity, or qualified immunity.

<u>Fifteenth Defense</u>

The Defendants, and/or District of Columbia agents, servants and employees acting within their scope of employment may have been engaging in discretionary decisions for which there can be no liability.

<u>Sixteenth Defense</u>

Punitive damages are not recoverable against the District of Columbia.

<u>Set-off</u>

Defendant asserts a set-off for all funds and services provided to Plaintiff through Medicaid, public assistance, or other government funding or income sources.

<u>JURY DEMAND</u>

Defendant hereby demands a trial by jury of eight (8) on all issues so triable.

Wherefore, defendant District of Columbia prays that this matter be dismissed with prejudice, with its costs awarded.

Respectfully submitted,

ROBERT J. SPAGNOLETTI

Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
Nicole L. Lynch  [471953]
Chief, General Litigation, Section II


_____
Julie Lee [433292]
Senior Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6602 (o)
(202) 724-3635 (f)
Email: Julie.Lee@dc.gov