UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


MONIQUE DINGLE                          :
                                        :
    Plaintiff,                          :
                                        :
        v.                          :       Civil Action No. 06-0331 (RCL)
                                        :       Civil Action No. 06-0950 (RCL)
                                        :       (Consolidated)
DISTRICT OF COLUMBIA, *et.al.*          :
                                        :
    Defendant.                          :


ANSWER OF THE DEFENDANTS DAVID ANDERSON AND NANCY OLIVER

    Defendants David Anderson and Nancy Oliver, by and through undersigned

counsel, answers to Plaintiff's complaint as follows:

FIRST DEFENSE

    Plaintiff fails to state a claim upon which relief can be granted.

JURISDICTION AND VENUE

1.    Paragraph one (1) of Plaintiff's complaint is a statement of Plaintiff's claim to which no

    response is required.

2.    Paragraph two (2) of Plaintiff's complaint is a statement of Plaintiff's claim to which no

    response is required.

3.    Paragraph three (3) of Plaintiff's complaint is a legal conclusion to which no response is

    required.

4.    Paragraph four (4) of Plaintiff's complaint is a legal conclusion to which no response is

    required.

5.    Paragraph five (5) is not directed at these defendants and therefore, no response is required.

PARTIES

6.    The Defendants have insufficient information to admit or deny the allegations contained in paragraph six (6) of Plaintiff's complaint.

7.    Paragraph seven (7) is not directed at these defendants and therefore, no response is required.

8.    Paragraph eight (8) is not directed at these defendants and therefore, no response is required.

9.    The Defendants admit that Defendant Oliver is over the age of eighteen (18) and that she is an employee of the District of Columbia Metropolitan Police Department, but neither admit nor deny her place of residence.  The remainder of paragraph nine (9) of Plaintiff's complaint is a legal conclusion to which no response is required.

10.    Paragraph ten (10) is not directed at these defendants and therefore, no response is required.

11.     The Defendants admit that Defendant David Anderson is over the age of eighteen (18) and that he is an employee of the District of Columbia Metropolitan Police Department, but neither admits nor deny his place of residence.  The remainder of paragraph eleven (11) of Plaintiff's complaint is a legal conclusion to which no response is required.

12.    Paragraph twelve (12) is not directed at these defendants and therefore, no response is required.

13.    Paragraph thirteen (13) is not directed at these defendants and therefore, no response is required.

<u>FACTS</u>

14.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph fourteen (14) of Plaintiffs complaint.

15.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph fifteen (15) of Plaintiff's complaint.

16.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph sixteen (16) of Plaintiff's complaint.

17.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph seventeen (17) of Plaintiff's complaint.

18.     These Defendants are without sufficient information to admit or deny the allegations contained in paragraph eighteen (18) of Plaintiff's complaint.

19.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph nineteen (19) of Plaintiff's complaint.

20.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph twenty (20) of Plaintiff's complaint.

21.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph twenty-one (21) of Plaintiff's complaint.

22.    These Defendants are without sufficient information to admit or deny the allegations contained in paragraph twenty-one (22) of Plaintiff's complaint.

23.    These Defendants admit that, on or about May 23, 2005, Plaintiff and her mother went to the MPD Third District police station.   The Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-three (23) of Plaintiff's complaint.

24.     Defendant David Anderson admits that the Plaintiff was fingerprinted.  Defendant Nancy

        Oliver is without sufficient information to admit or deny that the Plaintiff was

        fingerprinted. These Defendants are without sufficient information to admit or deny the

        remaining allegations contained in paragraph twenty-four (24) of the complaint.

25.     These Defendants are without sufficient information to admit or deny the allegations

        contained in paragraph twenty-five (25) of Plaintiff's complaint.

26.      Defendant David Anderson admits that the Plaintiff was fingerprinted.  Defendant Nancy

        Oliver is without sufficient information to admit or deny that the Plaintiff was

        fingerprinted. These Defendants are without sufficient information to admit or deny the

        remaining allegations contained in paragraph twenty-six (26) of the complaint.

27.     These Defendants are without sufficient information to admit or deny the allegations

        contained in paragraph twenty-seven (27) of Plaintiff's complaint.

28.     Paragraph twenty-eight (28) of Plaintiff's complaint contains legal conclusions and a

        statement of Plaintiff's claim to which no response is required.


## CAUSES OF ACTION

### COUNT I
(Violation of U.S. Constitutional Rights; 42 U.S.C. 1983;
False Arrest; May 8, 2005 and May 23, 2005)

29.     The Defendants incorporate by reference paragraphs one (1) through twenty-eight (28) of

        Defendants' answer.

30.     Paragraph thirty (30) of Plaintiff's complaint is a statement of Plaintiff's claim to which

        no response is required.

31.    Paragraph thirty-one (31) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, these Defendants deny the allegations.

32.    Paragraph thirty-two (32) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, these Defendants deny the allegations.

33.    Paragraph thirty-three (33) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, these Defendants deny the allegations.

34.    Paragraph thirty-four (34) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, these Defendants deny the allegations.

35.    Paragraph thirty-five (35) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, these defendants deny the allegations.

36.    Paragraph thirty-six (36) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

37.    Paragraph thirty-seven (37) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny these allegations.

38.    Paragraph thirty-eight (38) of Plaintiff's complaint is not directed at these defendants and therefore, does not require a response.

39.    Paragraph thirty-nine (39) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

## COUNT II
### (Assault & Battery)

40.    The Defendants incorporate by reference paragraphs one (1) through thirty-nine (39) of Defendants' answer.

41.    Paragraph forty-one (41) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

42.    Paragraph forty-two (42) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

43.    Paragraph forty-three (43) of Plaintiff's complaint is not directed at these defendants and therefore, no response is required.

44.    Paragraph forty-four (44) of Plaintiff's complaint is a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny the allegations.

45.    Paragraph forty-five (45) of Plaintiff's complaint is not directed at these defendants and therefore, no response is required.

46.    Paragraph forty-six (46) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.

## COUNT III
### (Gross Negligence)

47.    The Defendants incorporate by reference paragraphs one (1) through forty-six (46) of Defendants' answer.

6

48.     Paragraph forty-eight (48) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

49.     Paragraph forty-nine (49) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny the allegations.

50.     Paragraph fifty (50) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

51.     Paragraph fifty-one (51) of Plaintiff's complaint is not directed at these defendants and therefore, no response is required.

52.     Paragraph fifty-two (52) of Plaintiff's contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.


<u>COUNT IV</u>
(Common Law Claims: False Arrest: May 23, 2005)

53.     The Defendants incorporate by reference paragraphs one (1) through fifty-two (52) of Defendants' answer.

54.     Paragraph forty-four (54) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

55.     Paragraph fifty-five (55) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

56.     Paragraph fifty-six (56) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny the allegations.

57.    Paragraph fifty-seven (57) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny the allegations.

58.    Paragraph fifty-eight (58) of Plaintiff's complaint is not directed at these defendants  and therefore, no response is required.

59.    Paragraph fifty-nine (59) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.

COUNT V
(Punitive Damages)

60.    The Defendants incorporate by reference paragraphs one (1) through fifty-nine (59) of Plaintiff's complaint.

61.    Paragraph sixty-one (61) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, these defendants deny the allegations.

Any allegations not specially admitted above are hereby denied.

Second Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

Third Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

## Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the Defendants, or District of Columbia employees, agents, and/or servants acting within the scope of their employment.

## Fifth Defense

All actions performed by Defendants met or exceeded the applicable standard of care.

## Sixth Defense

Defendants performed their obligations, if any, toward Plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

## Seventh Defense

Defendants acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

## Eighth Defense

Plaintiff has failed to mitigate her damages.

## Ninth Defense

This action may be barred by the doctrine of laches and/or the Statute of Limitations and the Doctrine of unclean hands.

## Tenth Defense

The Defendants may be immune from liability under the doctrines of  governmental immunity, privilege and/or official immunity, or qualified immunity.

<u>Eleventh Defense</u>

The Plaintiff alleges intentional acts and therefore, Plaintiff cannot claim maintain a claim of negligence.

<u>JURY DEMAND</u>

Defendant hereby demands a trial by jury of eight (8) on all issues so triable.


Defendants David Anderson and Nancy Oliver reserve the right to supplement their Answer as discovery is ongoing.

Wherefore, defendants pray that this matter be dismissed with prejudice and that costs be awarded.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
NICOLE LYNCH [471953]
Chief, General Litigation, Section II


_____/s/_____
JAMES VRICOS [474026]
Assistant Attorney General
Suite 600S
441 4th Street, N.W.,
Washington D.C. 20001
(202) 724-6600
(202) 727-3625 (Fax)
E-mail: jamesvricos@dc.gov

10