**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
Office of the Corporation Counsel



**Civil Litigation Division**

**MEMORANDUM**

TO: Attorneys and Staff
Civil Litigation Division

FROM: George Valentine
Deputy Attorney General
Civil Litigation Division

DATE: July 23, 2004

RE: *POLICY STATEMENT REGARDING PERSONAL SERVICE ON INDIVIDUAL MPD OFFICERS*

SUBJECT:   Assistance to private counsel and pro se plaintiffs in effecting service of process of complaints and summonses (personal service) on officers of the Metropolitan Police Department (MPD) sued in their individual and/or official capacity in civil lawsuits alleging false arrest, assault and battery, and/or other civil rights violations, arising from the officer's performance of his or her official duties.

In accordance with the Title VII-B of the District of Columbia Government Comprehensive Merit Personnel Act of 1978, as added to by the Legal Service Establishment Amendment Act of 1978, effective April 20, 1999, D.C. Law 12-260, D.C. Official Code § 1-608.51 et seq. (2001);

1. With respect to civil litigation in the U.S. District Court based on allegations of excessive use of force, false arrest, and/or other civil rights violations by an MPD officer acting in the scope of his or her employment, attorneys in the Civil Litigation Division (CLD) of the Office of the Attorney General (OAG) shall comply with the following procedure regarding personal service of process on an officer sued in his or her individual and/or official capacity:

2. When an Assistant Attorney General (AAG) receives notification from a private attorney or a pro se plaintiff that he or she has been unable to obtain personal service on an MPD officer after reasonable attempts to achieve service, the AAG shall inform his or her supervisor of such notification.

3. Upon receipt of such notification from an AAG (or directly from private counsel or a pro se plaintiff), the supervisor shall review the alleged problems in effecting personal service and determine, in his or her discretion, whether the plaintiff has made reasonable efforts to serve the officer. Reasonable efforts may vary from case to case but shall include: (a) the use of a process server; (b) repeated efforts to serve the officer at times the process server was informed that the officer was available for service at a particular location; and (c) repeated written communications to the officer which have been left with the desk clerk or other officer handling intake at the defendant officer's station.

4. If the supervisor determines that, despite reasonable efforts, service has not been successful, the Office shall contact the General Counsel for the MPD and request the assistance of the MPD General Counsel in contacting the officer.

5. Either the MPD General Counsel or the OAG supervisor shall notify the officer, by telephone or written communication, that a civil lawsuit against him or her is pending, that it involves alleged actions he or she took as an MPD officer, and that the plaintiff has been unsuccessful in obtaining personal service on the officer. The MPD General Counsel or OAG supervisor shall offer to accept service on behalf of the officer, if the officer wishes to authorize the General Counsel's Office or OAG to do so.

6. Should the officer authorize the OAG or General Counsel to accept service of process in cases subject to this Order, the OAG or General Counsel shall accept such service of process on behalf of the officer. If the officer declines to authorize the OAG or General Counsel to accept personal service, he or she will be informed that the OAG may, if circumstances warrant, consent to a motion to the Court for release of the officer's home address.

7. If the officer declines the offer to accept personal service on his or her behalf, the OAG supervisor shall notify plaintiff's counsel of the officer's decision and may, if circumstances warrant, instruct the AAG to enter into a consent motion to order the release of the officers' home address to plaintiff's counsel. Any such consent motion must incorporate a protective order that requires the pro se plaintiff or private counsel keep the address confidential and limit its use to effecting personal service on the officer.

8. MPD's General Counsel may review the circumstances in which service of process was attempted and, if the officer appears to be evading personal service, General Counsel may take steps to ensure that the officer or other MPD staff has not engaged in conduct intended to thwart the service of process or violated applicable MPD General Orders regarding the appropriate conduct of MPD officers.

This Order supersedes all previous Orders to the extent of any inconsistency and will become effective immediately.