UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE DINGLE | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action #06-331 (RCL) |
| | : Civil Action #06-950 (RCL)-Consolidated |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | |

DEFENDANTS' RESPONSE TO COURT ORDER OF NOVEMBER 22, 2006

This filing is in response to the Court's Minute Order of November 22, 2006. In that Order, the Court responded to the District of Columbia's ("District") praecipe filed on November 21, 2006 of an internal Civil Litigation Division policy regarding service of process on a Metropolitan Police Department (MPD) officer who was named as a defendant in cases involving the officer's duties. The Court's Minute Order requested that the Deputy of the Civil Litigation Division provide information explaining why the policy was not followed in this case. This filing provides the response of the Deputy to the Court's Minute Order and is based upon his review of the issue with the trial counsel in this matter and the supervisor.

The Deputy has concluded that the Civil Litigation Division should have followed the procedures set forth in the policy in responding to the plaintiff's request for assistance in serving the police officers, particularly after plaintiff was unable to serve all of the officers even with the use of a process server. The Deputy has sought to reinforce the requirements of the policy by sending a global email to all staff attorneys regarding the

policy, has reviewed the policy and the expectation of the Deputy that the supervisors will comply with the policy in a meeting with all of the supervisors, and will include the policy in the Division's draft Litigation Manual and Checklist. These steps should ensure that all attorneys hired in the future in the Civil Litigation Division are familiar with the policy.

In this specific case, AAG James Vricos was not with the Civil Litigation Division at the time the policy was issued. While both the former and current supervisors of Mr. Vricos were in the office at the time the policy was issued, the current section chief exercised her discretion and made a good faith determination that the policy should be implemented only when the supervisor believed that the officers were trying to evade service. She did not believe that was the case in this instance. While that was not the Deputy's intent in issuing the policy, the Deputy does understand how the supervisor viewed the conduct of the defendant officers as appropriate and not requiring her implementation of the policy.

A brief background of the procedural history of this case is important to understand why the Deputy concludes that the supervisor acted in good faith in not implementing the policy. This information is provided to the Court based upon information and belief and summary of information provided to the Deputy by the trial counsel and the supervisor. Plaintiff filed civil action #06-331 against the District and Officer Sean Moore. Plaintiff alleged in this complaint that Officer Moore falsely arrested her on May 8, 2005, at approximately 1:45 a.m. near the 600 block of Morton Street, N.W., Washington, D.C  After proper service on both the District and Officer Moore, an answer was filed on behalf of both the District and Officer Moore.

Subsequently, on May 19, 2006, plaintiff filed a second lawsuit (#06-950) against the following six officers as a result of the officers' alleged subsequent interactions with plaintiff on May 23, 2005 at the Third District: Officers Brian Anderson, David Anderson, James Anderson, Maurice Scott, Nancy Oliver and Sgt. Stuart Emerman. Initially, prior to hiring a process server, plaintiff requested that prior counsel for the District in civil action #06-331 accept service of process for the above listed officers. The District's counsel explained to plaintiff's counsel that she did not yet represent these officers who were being sued both in their individual and official capacities and could not accept service on their behalf. (See docket 7, #06-950). Subsequently, on September 5, 2006, the two cases were consolidated.

Plaintiff's counsel then sent waivers of service by mail addressed to the above named officers at 300 Indiana Ave., N.W., Washington, D.C. 20001. These documents were discovered by some of the officers weeks after they were mailed and there was no indication that they were sent by certified mail to the correct address of the individuals. *Id*. This attempted service did not comport with Fed. R. Civ. P. (4)(d)(2)(A)-(G). In addition, the officers chose not to waive service by mail as authorized by the federal rules.

Subsequently, plaintiff hired a process server and served two of the above six officers: Officers David Anderson and Nancy Oliver. An answer has been filed on behalf of these two officers. Two of the remaining six officers, Officers James Anderson and Brian Anderson, have been dismissed by the plaintiff as they were not present at the Third District on May 23, 2005.

The remaining two officers, Maurice Scott and Stuart Emerman, dispute plaintiff's assertion that they were evading service. Both officers previously spoke with prior District counsel who informed them that a process server may attempt to serve them and that they should make all attempts to comply with service. Undersigned counsel spoke with Sgt. Emerman prior to the hearing on November 17, 2006. Sgt. Emerman indicated that he had not been contacted by anyone attempting to serve him during July or August 2006. Sgt. Emerman stated that in early November 2006, he discovered a summons and complaint for this case in a general mailbox at the Third District. Sgt. Emerman then contacted the process server listed on the paperwork and volunteered to schedule a time and place for the process server to personally serve him. However, the process server called Sgt. Emerman back on his cell phone and stated that according to the process server he had already sufficiently served Sgt. Emerman.

Officer Maurice Scott similarly disputes plaintiff's allegations that he was evading service. Officer Scott was also not contacted during July or August of 2006 by anyone on behalf of plaintiff regarding service. However, Sgt. Emerman and Officer Scott, have since permitted the MPD Deputy General Counsel to accept service on their behalf in this case and a response to the complaint will be filed on their behalf within twenty days of that service, *i.e.* December 18, 2006.

In summary, the Deputy of the Civil Litigation will continue to work with the trial counsel and supervisors in the Civil Litigation Division to ensure that all current attorneys and new attorneys are aware of the policy and take affirmative steps to assist counsel who are unable to serve police officers despite repeated attempts by a process server. This policy, however, is not intended to eliminate the need for plaintiffs to

attempt to get personal service using a process server where the officer declines to accept service by certified mail.

                                    Respectfully submitted,

                                    Eugene Adams
                                    Interim Attorney General

                                    GEORGE C. VALENTINE [375391]
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    _____/s/_____
                                    NICOLE LYNCH  [471953]
                                    Section Chief
                                    General Litigation Section III

                                    _____/s/_____
                                    JAMES H. VRICOS [474026]
                                    Assistant Attorney General
                                    441 4th Street, N.W., 6S-053
                                    Washington, D.C. 20001
                                    (202) 724-6600
                                    (202) 727-3625 (fax)
                                    James.Vricos@dc.gov