UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


MONIQUE DINGLE                              :
                                            :
        Plaintiff,                          :
                                            :
            v.                              :          Civil Action No. 06-0331 (RCL)
                                            :          Civil Action No. 06-0950 (RCL)
                                            :          (Consolidated)
DISTRICT OF COLUMBIA, *et.al.*              :
                                            :
        Defendant.                          :


ANSWER OF THE DEFENDANT STUART EMERMAN

Defendant Stuart Emerman, by and through undersigned counsel, answers to Plaintiff's

complaint as follows:


FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

JURISDICTION AND VENUE

1.      Paragraph one (1) of Plaintiff's complaint is a statement of Plaintiff's claim to which no

        response is required.

2.      Paragraph two (2) of Plaintiff's complaint is a statement of Plaintiff's claim to which no

        response is required.

3.      Paragraph three (3) of Plaintiff's complaint is a legal conclusion to which no response is

        required.

4.     Paragraph four (4) of Plaintiff's complaint is a legal conclusion to which no response is required.

5.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph five (5).

PARTIES

6.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph six (6) of Plaintiff's complaint.

7.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph seven (7) of the Plaintiff's complaint.

8.     The Defendant admits that he is over the age of eighteen (18) and that he is an employee of the District of Columbia Metropolitan Police Department, but neither admits nor denies his place of residence. The remainder of paragraph eight (8) of Plaintiff's complaint is a legal conclusion to which no response is required.

9.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph nine (9) of the Plaintiff's complaint.

10.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph ten (10) of the Plaintiff's complaint.

11.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph eleven (11) of the Plaintiff's complaint.

12.     The Defendant has insufficient information to admit or deny the allegations contained in paragraph twelve (12) of the Plaintiff's complaint.

13.    The Defendant has no knowledge of the identities of the unknown named employees of the District of Colombia or the Metropolitan Police Department or act which they allegedly committed. Accordingly, the Defendant denies the allegation.

## FACTS

14.    This Defendant is without sufficient information to admit or deny the allegations contained in paragraph fourteen (14) of Plaintiffs complaint.  To the extent that an answer is required, the Defendant denies the allegation at this time.

15.    This Defendant is without sufficient information to admit or deny the allegations contained in paragraph fifteen (15) of Plaintiff's complaint.  To the extent that an answer is required, the Defendant denies the allegation at this time.

16.    This Defendant is without sufficient information to admit or deny the allegations contained in paragraph sixteen (16) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

17.    This Defendant is without sufficient information to admit or deny the allegations contained in paragraph seventeen (17) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

18.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph eighteen (18) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

19.    This Defendant is without sufficient information to admit or deny the allegations contained in paragraph nineteen (19) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

20.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty (20) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

21.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-one (21) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

22.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-one (22) of Plaintiff's complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

23.     This Defendant admits that, on or about May 23, 2005, Plaintiff and her mother came to the MPD Third District police station.   This Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-three (23) of Plaintiff's complaint.  To the extent that an answer is required, the Defendant denies the remaining allegations.

24.     The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-four (24) of the complaint. To the extent that an answer is required, the Defendant denies the allegation at this time.

25.     This Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-five (25) of Plaintiff's complaint.  To the extent that an answer is required, the Defendant denies the allegation at this time.

26.     The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-six (26) of the complaint.  To the extent that an answer is required, the Defendant denies the allegation at this time.

27. This Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-seven (27) of Plaintiff's complaint.

28. Paragraph twenty-eight (28) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  Without waiving this objection, the Defendant denies this allegation.


CAUSES OF ACTION

COUNT I
(Violation of U.S. Constitutional Rights; 42 U.S.C. 1983;
False Arrest; May 8, 2005 and May 23, 2005)

29. The Defendant incorporates by reference paragraphs one (1) through twenty-eight (28) of Defendant's answer.

30. Paragraph thirty (30) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required. Without waving this objection, the Defendant answers that he is a named Defendant in this action.

31. Paragraph thirty-one (31) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

32. Paragraph thirty-two (32) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

33. Paragraph thirty-three (33) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

5

34.     Paragraph thirty-four (34) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

35.     Paragraph thirty-five (35) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claims to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

36.     Paragraph thirty-six (36) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent an answer is required, the Defendant asserts that some of the laws the Plaintiff relies on to support her lawsuit may be irrelevant to the facts of this case.

37.     Paragraph thirty-seven (37) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies these allegations.

38.     Paragraph thirty-eight (38) of Plaintiff's complaint is not directed at this Defendant and therefore, does not require a response.  The Defendant admits that he is a District of Columbia employee.  However, he denies liability to all of Plaintiff's claims and all other allegations in this paragraph.

39.     Paragraph thirty-nine (39) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent an answer is required, the Defendant denies these allegations.

COUNT II
(Assault & Battery)

6

40.     The Defendant incorporates by reference paragraphs one (1) through thirty-nine (39) of Defendant's answer.

41.     The Defendant admits that he is a named Defendant; all other allegations in paragraph forty-one (41) of Plaintiff's complaint are denied. To the extent an answer is required, the Defendant denies these allegations.

42.     Paragraph forty-two (42) of the Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required. To the extent an answer is required, the Defendant denies these allegations.

43.     The Defendant objects to answering this assertion on the grounds of vagueness in that the term "consistent with the norms of a civilized society" is not sufficiently specific to formulate a responsive answer.  To the extent an answer is required, the Defendant denies these allegations.

44.     Paragraph forty-four (44) of Plaintiff's complaint is a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

45.     The Defendant admits his is a District of Columbia employee and that the District government is his employer.  The Defendant also admits that there have been two lawsuits filed against that District of Columbia regarding alleged events on May 8, 2005, and May 23, 2005, which have since been consolidated.  The remaining allegations contained in paragraph forty-five (45) of the plaintiff's complaint constitute legal conclusions and a statement of Plaintiff's claim to which no response is required.

46.   Paragraph forty-six (46) of Plaintiff's complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies the allegations.


<u>COUNT III</u>
(Gross Negligence)

47.   The Defendant incorporates by reference paragraphs one (1) through forty-six (46) of Defendant's answer.

48.   The Defendant admits that he is a named defendant.  The Defendant has no other information or knowledge about any other named defendants.

49.   Paragraph forty-nine (49) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

50.   Paragraph fifty (50) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendant denies the allegations.

51.   The Defendant admits his is a District of Columbia employee and that the District government is his employer.  The Defendant also admits that there have been two lawsuits filed against that District of Columbia regarding alleged events on May 8, 2005, and May 23, 2005, which have since been consolidated.  The remaining allegations contained in paragraph fifty-one (51) of the plaintiff's complaint constitute legal conclusions and a statement of Plaintiff's claim to which no response is required.

8

52.   Paragraph fifty-two (52) of Plaintiff's contains a legal conclusion and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendant denies the allegations.


<u>COUNT IV</u>
(Common Law Claims: False Arrest: May 23, 2005)

53.   The Defendant incorporates by reference paragraphs one (1) through fifty-two (52) of Defendant's answer.

54.   Paragraph forty-four (54) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.

55.   Denied.

56.   Paragraph fifty-six (56) of Plaintiff's complaint is a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

57.   Paragraph fifty-seven (57) of Plaintiff's complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

58.   The Defendant admits his is a District of Columbia employee and that the District government is his employer.  The Defendant also admits that there have been two lawsuits filed against that District of Columbia regarding alleged events on May 8, 2005, and May 23, 2005, which have since been consolidated.  The remaining allegations contained in paragraph fifty-eight (58) of the plaintiff's complaint constitute legal conclusions and a statement of Plaintiff's claim to which no response is required.

9

59.    Paragraph fifty-nine (59) of Plaintiff's complaint contains a legal conclusion and a

statement of Plaintiff's claim to which no response is required.  To the extent a response is

required, the Defendant denies the allegations.


<u>COUNT V</u>
(Punitive Damages)

60.    The Defendant incorporates by reference paragraphs one (1) through fifty-nine (59) of

Plaintiff's complaint.

61.    Paragraph sixty-one (61) of Plaintiff's complaint is a statement of Plaintiff's claim to

which no response is required.  To the extent a response is required, the Defendants

denies the allegations.

Any allegations not specially admitted above are hereby denied.

<u>Second Defense</u>

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or

damages resulted from Plaintiff's own willful conduct.

<u>Third Defense</u>

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or

damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

<u>Fourth Defense</u>

If Plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or

damages resulted from the sole or concurring negligence of a person or persons other than the

Defendant, or District of Columbia employees, agents, and/or servants acting within the scope of

their employment.

<u>Fifth Defense</u>

All actions performed by Defendant met or exceeded the applicable standard of care.

<u>Sixth Defense</u>

Defendant performed his obligations, if any, toward Plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

<u>Seventh Defense</u>

Defendant acted in good faith and with the reasonable belief that those acts were lawful under the circumstances.

<u>Eighth Defense</u>

Plaintiff has failed to mitigate her damages.

<u>Ninth Defense</u>

This action may be barred by the doctrine of laches and/or the Statute of Limitations and the Doctrine of unclean hands.

<u>Tenth Defense</u>

The Defendant may be immune from liability under the doctrines of governmental immunity, privilege and/or official immunity, or qualified immunity.

<u>Eleventh Defense</u>

The Plaintiff alleges intentional acts and therefore, Plaintiff cannot maintain a claim of negligence.

<u>JURY DEMAND</u>

Defendant hereby demands a trial by jury of twelve (12) on all issues so triable.

11

Defendants Stuart Emerman reserves the right to supplement his Answer as discovery is ongoing.

Wherefore, Defendant prays that this matter be dismissed with prejudice and that costs be awarded.

Respectfully submitted,


EUGENE A. ADAMS
Interim Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III


_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov